DARRELL D. DENNIS, ESQ.
Nevada Bar No. 006618
JASON G. REVZIN, ESQ.
Nevada Bar No. 008629
STEVEN B. ABBOTT, ESQ.
Nevada Bar No. 010303
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: (702) 893-3383
Facsimile: (702)893-3789
E-Mail: Darrell.Dennis@lewisbrisbois.com
E-Mail: Jason.Revzin@lewisbrisbois.com
E-Mail: Steven.Abbott@lewisbrisbois.com
*Attorneys for Defendant*
*SPIKE'S TACTICAL, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT L. WALKER, JR., | CASE NO.: |
| Plaintiff, | DEFENDANT SPIKE'S TACTICAL, LLC'S NOTICE OF REMOVAL AND DEMAND FOR JURY |
| vs. | |
| SPIKE'S TACTICAL, LLC, a Florida Limited Liability Company; BAD ASS TACTICAL, a Utah Company; DOES 1 through 10; and ROE BUSINESS ENTITITES 1 through 10, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant SPIKE'S TACTICAL, LLC ("SPIKE'S TACTICAL" or "Defendant"), by and through its undersigned counsel, hereby submits this Notice of Removal of the above-entitled action from the District Court of Clark County, State of Nevada, to the United States District Court for the District of Nevada. By this petition, Defendant SPIKE'S TACTICAL gives notice of the removal of this action. This

4826-2535-7590.1

notice of, and petition for, removal is made pursuant to 28 U.S.C. §§ 1441, *et seq.*, and is proper and appropriate based upon the following:

I.   INTRODUCTION

1.   Defendant SPIKE'S TACTICAL desires to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this case from the District Court of Clark County, State of Nevada, where this case was pending under the case style of *Scott L. Walker, Jr. v. Spike's Tactical, LLC and Bad Ass Tactical*, Case No. A-13-687700-C ("Complaint"). Specifically, 28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

2.   Plaintiff Scott L. Walker ("Plaintiff") filed his Complaint on or about August 30, 2013, asserting state law product liability claims based on negligent design, manufacturing, and failure to warn as well as claims for breach of warranty. (*See* Ex. A, Plt. Summons & Compl., ¶¶ 9-48.) Plaintiff alleges that Defendants SPIKE'S TACTICAL and BAD ASS TACTICAL ("BAT") (collectively, "Defendants"), designed, manufactured, and sold an AR-15 with a flare launcher. (*Id.* ¶ 6-8.) Plaintiff further alleges that, on or about February 20, 2012, Plaintiff "was at an outdoor shooting range with friends" when, "[u]pon firing one of the rounds of such flares, an explosion occurred" causing him permanent injuries and damages. (*Id.* ¶ 7.)

3.   This action has not been tried.

4.   Defendant SPIKE'S TACTICAL voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiff's Complaint. Thus, this Notice of Removal is filed subject to and with reservation of rights

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4826-2535-7590.1

2

by Defendant SPIKE'S TACTICAL including, but not limited to, defenses and objections to venue, improper service of process, personal jurisdiction, and any other defenses Defendant SPIKE'S TACTICAL might pursue. A response pleading or motion will be filed in accordance with Rule 81 of the Federal Rules of Civil Procedure.

5.    The only pleading that has been served on Defendant SPIKE'S TACTICAL is the aforementioned Summons and Complaint, which is attached as Exhibit A. Accordingly, copies of all processes, pleadings, and orders served upon Defendant Spike's have been attached to this Notice of Removal.

II.    NOTICE OF REMOVAL IS TIMELY

6.    The time in which SPIKE'S TACTICAL is required by the laws of the State of Nevada, by the Rules of Civil Procedure for the State of Nevada, and/or by the Local Rules of the District Court of Clark County, Nevada to move, answer, or otherwise plead in response to Plaintiff's Complaint has not elapsed.

7.    Pursuant to the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely filed pursuant to Rule 11 of the Federal Rules of Civil Procedure within thirty (30) days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which Plaintiff's action is purportedly based.

III.    ORIGINAL JURISDICTION EXISTS BECAUSE THE PARTIES ARE DIVERSE

8.    Removal is authorized by 28 U.S.C. § 1441, and based on the United States District Courts original jurisdiction of the case pursuant to U.S.C. § 1332 because (a) there is diversity of citizenship between Plaintiff and the named defendants and (b) the amount in controversy exceeds $75,000.

A.    Plaintiff and Defendants are Diverse

9.    Upon information and belief, and as alleged in his Complaint, Plaintiff is a citizen of the State of Nevada. (*See* Ex. A, Plt. Compl., ¶ 1 ["At all times relevant to this

1  action, Plaintiff, SCOTT L. WALKER, JR., was and still is a resident of the City of Law

2  Vegas, County of Clark, State of Nevada."].)

3      10.   At the time of the commencement of this action and at all times thereafter,

4  Defendant SPIKE'S TACTICAL has been and is a limited liability company with a

5

6  principal place of business, in the State of Florida.  The citizenship of a limited liability

7  company is that of its members.  *See CML-NV Two, LLC v. Teco Commons, L.L.C.*, No.

8  2:11-cv-00121-PMP-RJJ, 2011 U.S. Dist. LEXIS 148544, at *4 (D. Nev. Dec. 23, 2011).

9  As such, citizenship of an unincorporated association must be traced through however

10  many layers of members exist.  *See Johnson v. Columbia Props. Anchorage, LP*, 437

11  F.3d 894, 899 (9th Cir. 2006). SPIKE'S TACTICAL has two (2) members:  Michael W.

12  Register and Angela M. Register.  (*See* Ex. B, Spike's 2013 Fl. LLC Company Annual

13  Rpt. 2/8/13.)  Both members reside at 1201 Piedmont Lakes Boulevard, Apopka, Florida

14  32703. (*Ibid.*)  As such, SPIKE'S TACTICAL is a citizen of the State of Florida.  *Johnson*,

15  437 F.3d at 899.

16

17      11.   At the time and commencement of this action and at all times thereafter,

18  Defendant BAT is and was a Utah corporation with its principal place of business at 6530

19  North 1700 East, Holden, Utah 84636.  As such, Defendant BAT is a citizen of the State

20  of Utah.  *See* 28 U.S.C. § 1322(c)(1) ("[A] corporation shall be deemed to be a citizen of

21  any State by which it has been incorporated and of the State where it has its principal

22  place of business.").

23

24      12.   The Complaint also names "Does 1 through 10" and "Roe Business Entities

25  1 through 10." (*See* Ex. A, Plt. Compl., ¶ 4.)  For the purposes of assessing diversity

26  jurisdiction, however, fictitiously pleaded parties are not considered.  *See Incopero v.*

27  *Farmers Ins. Exchange*, 113 F.R.D. 28, 34 (D. Nev. 1986).

28      13.   As such, complete diversity of citizenship exists between Plaintiff and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Defendants (SPIKE'S TACTICAL and BAT).

2        B.    The Amount in Controversy Exceeds $75,000

3        14.    Under Nevada pleading rules, "[w]here claimant seeks damages of more

4    than $10,000, the demand shall be for damages 'in excess of $10,000' without further

5    specification of the amount."  Nev. R. Civ. P. 8(a).  Accordingly, Plaintiff's Complaint

6    merely seeks "general damages and loss in an amount in excess of ten thousand dollars"

7    and "special damages in an amount in excess of ten thousand dollars." (*See* Ex. A, Plt.

8    Compl. at p. 9.)  Nonetheless, based on a preponderance of the evidence, the $75,000

9    amount in controversy requirement found in 28 U.S.C. § 1332 is satisfied in this instance.

10       15.    When a plaintiff fails to allege a specific amount of damages in the

11   complaint, a defendant must show by a preponderance of the evidence that the amount in

12   controversy requirements has been met.  *See Sanchez v. Monumental Life Ins. Co.*, 102

13   F.3d 398, 403-404 (9th Cir. 1996).  This burden is satisfied when the defendant proves

14   that "it is 'more likely than not' that the plaintiff's claims meet the amount in controversy

15   requirements."  *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006).  The

16   amount in controversy can include compensatory damages, punitive damages, and

17   attorney's fees.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

18       16.    In this case, Plaintiff alleges that he was injured while utilizing an "AR-15

19   with flare launcher" when "an explosion occurred causing the injuries and damages

20   complained of." (*See* Ex. A, Plt. Compl., ¶¶ 6-7.)  Plaintiff alleges further that as a direct

21   result of the incident, he was injured in "his health, strength, and activity, sustained injury

22   to his body and shock and injury to his person." (*Id.*, ¶ 16.)  Plaintiff alleges that these

23   injuries are permanent and will continue to cause Plaintiff pain and suffering. (*Ibid.*)

24   Specifically, Plaintiff claims that he "has incurred and continues to incur emotional

25   distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

future medical expenses, loss of comfort, society, companionship, and consortium." (*Id.*, ¶ 17.) Plaintiff also seeks attorney's fees. (*Id.* at p. 9.)

17.    Plaintiff suffered a wound blast injury to his hand, which required emergency surgery. Since that point, he allegedly underwent comprehensive physical rehabilitation. (*See* Ex. D, Plt. Ltr. 3/12/13.) Plaintiff seeks at least $31,503.68 in medical expenses. (*Id.* at p. 3.) Plaintiff is also seeking lost wages (future and past) and claims a lack of earning capacity. (*Id.* at p. 4.)

18.    Additionally, on October 8, 2013, counsel for SPIKE'S TACTICAL contacted Plaintiff's counsel regarding a stipulation to limit Plaintiff's damages to $75,000 or less and requested that Plaintiff's counsel execute the stipulation.    (See Ex. C, Dennis Ltr. 10/8/13.) Plaintiff's counsel has not agreed to such a stipulation. While the failure to consent to this stipulation is not necessarily determinative, it is further persuasive evidence that the amount in controversy exceeds $75,000.

19.    Based on the severity of the injuries and the totality of the damages sought by Plaintiff (including the claims for medical expenses, lost wages, and pain and suffering), it is clear that the amount in controversy requirement is met.

IV.    CONFORMITY WITH THE RULE OF UNANIMITY

20.    The "rule of unanimity" requires that all the defendants to an action who have been served or otherwise properly joined in the action join in the removal or file a written consent to the removal. *United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 762 (9th Cir. 2002). Defendants who have not yet been served at the time of removal, however, need not join in or consent to removal until proper service has been effectuated. *See, e.g., Hatcher v. City of Porterville*, No. 1:11-cv-02015-AWI-SKO, 2012 U.S. Dist. LEXIS 16068, at *18 n. 7 (E.D. Cal. Feb. 9, 2012).

21.    As of the date of this filing, and upon information and belief, Defendant BAT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

has not yet been served with Plaintiff's Summons and Complaint. As such, Defendant BAT is not required to consent to the Notice of Removal.

## V.   REMOVAL TO THIS DISTRICT IS PROPER

22.    Pursuant to 28 U.S.C. §§ 1441, *et seq.*, the right exists to remove this case from the District Court of Clark County, State of Nevada, to the United States District Court for the District of Nevada, which embraces the place where the action is pending. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between parties of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is appropriate pursuant to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441(a); and LR IA6-1.

## VI.   CONCLUSION

21.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Clerk of the District Court of Clark County, State of Nevada, as required by law, and a copy of this Notice of Removal is being served on Plaintiff.

22.    Defendant SPIKE'S TACTICAL reserves the right to amend or supplement this Notice of Removal, and Defendant reserves all defenses.

23.    Defendant requests a trial by jury.

WHEREFORE, Defendant SPIKE'S TACTICAL prays that this case be removed from the District Court of Clark County, State of Nevada to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4826-2535-7590.1

7

1  and that no further proceedings be had in the District Court of Clark County, Nevada.

2  Dated:   Las Vegas, Nevada
3            October 21, 2013

               LEWIS BRISBOIS BISGAARD & SMITH LLP
4
5           By
               _____
6                 DARRELL D. DENNIS, ESQ.
                  Nevada Bar No. 006618
7                 JASON G. REVZIN, ESQ.
                  Nevada Bar No. 008629
8                 STEVEN B. ABBOTT, ESQ.
                  Nevada Bar No. 010303
9                 6385 S. Rainbow Boulevard, Suite 600
                  Las Vegas, Nevada 89118
10                Telephone: (702) 893-3383
                  *Attorneys for Defendant*
11                *SPIKE'S TACTICAL, LLC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

<u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH, LLP, and that on this 21st day of October, 2013, I did cause a true and correct copy of **DEFENDSANT SPIKE'S TACTICAL, LLC'S NOTICE OF REMOVAL AND DEMAND FOR JURY** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Ben J. Bingham, Esq.
BENSON & BINGHAM
11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135
(702) 382-9797
*Attorneys for Plaintiff*

By _____
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

SUMM

## District Court
## CLARK COUNTY, NEVADA

SCOTT L. WALKER, JR.                          )    CASE NO.: A-13-687700-C
                                              )    DEPT. NO.: XIV
                Plaintiff,                    )
                                              )
vs.                                           )
                                              )
SPIKE'S TACTICAL, LLC, a Florida Limited Liability )   SUMMONS      DATE SERVED: _____
Company; BAD ASS TACTICAL, a Utah Company; DOES 1 )                 TIME SERVED: _____ am/pm
through 10; and ROE BUSINESS ENTITITES 1 through 10, )              CPS: _____
inclusive,                                    )                     JOB # 7608
                                              )
                Defendants.                   )
                                              )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

SPIKE'S TACTICAL, LLC
c/o Resident Agent, Michael W. Register
1201 Piedmont Lakes Blvd.
Apopka, FL 32703

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the
day of service, you must do the following:
        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint
in accordance with the rules of the Court, with the appropriate filing fee.
        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter
a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or of
other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response
may be filed on time.

    4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission
members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive
pleading to the Complaint.

Submitted by:                                 STEVEN D. GRIERSON, Clerk of the Court

_____  8/95              _____  AUG 30 2013
                          for               Deputy Clerk                          _____
BEN J. BINGHAM, ESQ.                                    KORY SCHLITZ                     Date
Nevada Bar No. 7280                          Regional Justice Center
BENSON & BINGHAM                             200 Lewis Avenue
11441 Allerton Park Drive, Suite 100         Las Vegas, NV 89155
Las Vegas, NV 89135
(702) 382-9797, telephone
Attorney for Plaintiff

NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil
Procedure 4(b).

CIVIL COVER SHEET    A-13-687700-C
Clark County, Nevada
Case No.      X I V

**I. Party Information**

Plaintiffs: SCOTT L. WALKER, JR.

Attorney: Ben J. Bingham, Esq. (NV Bar 7280)
     BENSON & BINGHAM
     11441 Allerton Park Drive, Suite 100
     Las Vegas, NV 89135
     (702) 382-9797

Defendants: SPIKE'S TACTICAL, LLC, a Florida Limited Liability Company; BAD ASS TACTICAL, a Utah Company; DOES 1 through 10; and ROE BUSINESS ENTITITES 1 through 10, inclusive,

**II. Nature of Controversy** (Please check applicable bold category and applicable subcategory, if appropriate)      ☐Arbitration Exemption Requested

## Civil Cases

### Real Property

**Landlord/Tenant**
- ☐ Landlord/Tenant
  - ☐ Unlawful Detainer
- ☐ Title to Property
  - ☐ Foreclosure
  - ☐ Liens
  - ☐ Quiet Title
  - ☐ Specific Performance
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property
  - ☐ Partition
  - ☐ Planning/Zoning

### Torts

#### Negligence
- ☐ Negligence - Auto
- ☐ Negligence - Medical/Dental
- ☐ Negligence - Premises Liability (Slip/Fall)
- ☐ Negligence - Other

**Product Liability**
- ☒ Product Liability
  - ☐ Product Liability/Motor Vehicle
  - ☒ Other Torts/Product Liability
- ☐ Intentional Misconduct
  - ☐ Torts/Defamation (Libel/Slander)
  - ☐ Interfere with Contract Rights
- ☐ Employment Torts (Wrongful termination)
- ☐ Other Torts
  - ☐ Anti-trust
  - ☐ Fraud/Misrepresentation
  - ☐ Insurance
  - ☐ Legal Tort
  - ☐ Unfair Competition

### Probate
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside Estates
- ☐ Probate Trust/Conservatorships
- ☐ Other Probate

### Other Civil Filing Types
- ☐ Construction Defect
- ☐ Breach of Contract
  - ☐ Building & Construction
  - ☐ Insurance Carrier
  - ☐ Commercial Instrument
  - ☐ Other Contracts/Acct/Judgment
  - ☐ Collection of Actions
  - ☐ Employment Contracts
  - ☐ Guarantee
  - ☐ Sale Contract
  - ☐ Uniform Commercial Code
- ☐ Civil Petition for Judicial Review
  - ☐ Other Administrative Law
  - ☐ Department of Motor Vehicles
  - ☐ Employer=s Insurance of Nevada

- ☐ Appeal from Lower Court (also check applicable civil case box)
  - ☐ Transfer from Justice Court
  - ☐ Justice Court Civil Appeal
- ☐ Civil Writ
  - ☐ Other Special Proceeding
- ☐ Other Civil Filing
  - ☐ Compromise of Minor=s Claim
  - ☐ Conversion of Property
  - ☐ Damage to Property
  - ☐ Employment Security
  - ☐ Enforcement of Judgment
  - ☐ Foreign Judgment - Civil
  - ☐ Other Personal Property
  - ☐ Recovery of Property
  - ☐ Stockholder Suit
  - ☐ Other Civil Matters

**III. Business Court Requested** (Please check applicable category; *for Clark or Washoe Counties only.*)

- ☐ NRS Chapter 78-88
- ☐ Commodities (NRS 90)
- ☐ Securities (NRS 90)
- ☐ Investments (NRS 104B)
- ☐ Deceptive Trade Practices (NRS 598)
- ☐ Trademarks (NRS 600A)
- ☐ Enhanced Case Mgmt/Business
- ☐ Other Business Court Matters

8/28/13
Date

Signature of initiating party or representative

1  COMP
2  BEN J. BINGHAM, ESQ.
   Nevada Bar No. 7280
3  RYAN C. MORTIER, ESQ.
   Nevada Bar No. 8195
4  BENSON & BINGHAM
   11441 Allerton Park Drive, Suite 100
5  Las Vegas, NV 89135
   (702) 382-9797, telephone
6  (702) 382-9798, facsimile
   litigate@bensonbingham.com
7  Attorneys for Plaintiff
8

9              DISTRICT COURT

10          CLARK COUNTY, NEVADA

11 SCOTT L. WALKER, JR.          )  CASE NO.: A-13-687700-C
12          Plaintiff,           )  DEPT. NO.:     XIV
13                               )
   vs.                           )
14                               )
15 SPIKE'S TACTICAL, LLC, a Florida Limited )
   Liability Company; BAD ASS TACTICAL, a  )
16 Utah Company; DOES 1 through 10; and ROE )
   BUSINESS ENTITITES 1 through 10, inclusive, )
17                               )
18          Defendants.          )
                                 )
19
               COMPLAINT

20     COMES NOW, Plaintiff, SCOTT L. WALKER, JR., by and through his attorneys of record,

21
22 BENSON & BINGHAM, and for his claims for relief against Defendants, and each of them, alleges as

23 follows:

24              JURISDICTION

25     1.   At all times relevant to this action, Plaintiff, SCOTT L. WALKER, JR., was and still

26 is a resident of the City of Las Vegas, County of Clark, State of Nevada.
27
28
202433                              1

BENSON BINGHAM
ATTORNEYS AT LAW

2.     Upon information and belief, at all times relevant to this action, Defendant, SPIKE'S TACTICAL, LLC (hereinafter "SPIKE'S"), was and is a Florida Limited Liability Company and is duly authorized to conduct business in the County of Clark, State of Nevada.

3.     Upon information and belief, at all times relevant to this action, Defendant, BAD ASS TACTICAL, was and is a Utah Company and is duly authorized to conduct business in the County of Clark, State of Nevada.

4.     That the true names and capacities of the Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 10 are legally responsible in some manner for the events and happenings herein referred to, and legally and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES 1 through 5 are legally responsible in some manner for the events and happenings herein referred to, and legally and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES 6 through 10 are foreign or domestic manufacturers, suppliers, distributors and/or retailers of the defective goods or components complained of herein and/or are agents otherwise within the stream of commerce as related to the present matter. Defendants designated as DOES 6 through 10 are agents, employees and/or assigns of the named Defendants and/or Defendants ROE BUSINESS ENTITIES 6 through 10. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITIES are in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

2

## GENERAL ALLEGATIONS

5.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 4 and incorporates the same herein by reference as though fully set forth herein verbatim.

6.      At all times relevant hereto, Defendants, and each of them, designed, tested, manufactured, assembled, utilized, marketed and/or placed the subject AR-15 with flare launcher in the stream of commerce.

7.      At all times relevant hereto, particularly on or about February 20, 2012, Plaintiff was at an outdoor shooting range with friends. Plaintiff fired several flares into the air. Upon firing one of the rounds of such flares an explosion occurred, causing the injuries and damages complained of.

8.      At all times relevant hereto, Defendants, SPIKE'S TACTICAL, LLC and BAD ASS TACTICAL, were the manufacturers, designers, distributors and/or suppliers of the subject AR-15 with flare launcher.

## FIRST CAUSE OF ACTION
### (Negligence)

9.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 and incorporates the same herein by reference as though fully set forth herein verbatim.

10.     At all times relevant hereto, Defendants were engaged in the business of designing, testing, manufacturing, assembling, and/or utilizing the subject AR-15 with flare launcher.

11.     At all times relevant hereto, Defendants so negligently and carelessly designed, tested, manufactured, assembled, and/or utilized the subject AR-15 with flare launcher in a way that was unsafe for its intended use and purpose.

12.     At all times relevant hereto, Defendants so negligently and carelessly designed, tested, manufactured, assembled, and/or utilized the subject AR-15 with flare launcher that was dangerous and unsafe for its intended use and purpose.

13.     The events herein described do not normally occur absent negligent conduct.



BENSON & BINGHAM
ATTORNEYS AT LAW
11409 AUSTIN ROSS RANCH, SUITE 100  LAS VEGAS, NV 89135

14.     The events herein described were caused by an agency or instrumentality originally, and which was not mishandled or otherwise changed after Defendants relinquished control.

15.     The events herein described, which was the responsible cause of the injury, were not due to any voluntary action or contribution on the part of the Plaintiff.

16.     As a direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

17.     As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, future medical expenses, loss of comfort, society, companionship, and consortium, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

18.     As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
(Breach of Implied Warranty)

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 and incorporates the same herein by reference as though fully set forth herein verbatim.

20.     At all times relevant hereto, Defendants, and each of them, through the design, testing, manufacture, assembly, marketing, sale, and/or utilization of the subject AR-15 with flare launcher, implied warranties of merchantability and fitness for use arose by operation of the Nevada Common Law.

21.     At all times relevant hereto, the subject AR-15 with flare launcher including their components and subassemblies, was neither merchantable nor fit for its intended use; and, on the

4

contrary, was defective and unreasonably dangerous due to the breach by Defendants of the implied warranties of merchantability and fitness for use.

22. As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

23. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, future medical expenses, loss of comfort, society, companionship, and consortium, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

24. As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 and incorporates the same herein by reference as though fully set forth herein verbatim.

26. At all times relevant hereto, Defendants, and each of them, expressly warranted that the subject AR-15 with flare launcher was merchantable, safe and fit for the purpose for which it was produced, sold, and intended to be used.

27. At all times relevant hereto, Defendants breached those express warranties in that the subject AR-15 with flare launcher were not merchantable, safe nor fit for its intended uses.

28. As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to her body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

5

BENSON & BINGHAM
ATTORNEY AT LAW
THE ABERTON MEDICAL BUILDING, LAS VEGAS, NV 89.18

29. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, future medical expenses, loss of comfort, society, companionship, and consortium, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

30. As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Strict Products Liability)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 and incorporates the same herein by reference as though fully set forth herein verbatim.

32. At all times relevant hereto, the Defendants, and each of them, designed, manufactured, sold and/or utilized the subject AR-15 with flare launcher in a defective and dangerous condition in that the subject AR-15 with flare launcher exploded while Plaintiff was utilizing the subject AR-15 with flare launcher in a manner for which it was intended.

33. At all times relevant hereto, the subject AR-15 with flare launcher was more dangerous than expected by the consumer due to the dangerous defects in the product, making them unworthy.

34. As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

35. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, future medical expenses, loss of comfort, society, companionship, and

6

BENSON & BINGHAM
ATTORNS AT LAW
9845 ALLEGRITA DRIVE, SUITE 200 · LAS VEGAS, NV 89145

1  consortium, all to Plaintiff's general damages in an amount in excess of ten thousand dollars

2  ($10,000.00).

3  36.    As a direct and proximate result of Defendants' aforesaid actions, it has been

4  necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and

5

6  Plaintiff is entitled to recover reasonable attorneys' fees and costs.

7  ### FIFTH CAUSE OF ACTION
   (Negligent Failure to Inspect and/or Warn)

8

9  37.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

10 through 36 and incorporates the same herein by reference as though fully set forth herein verbatim.

11 38.    At all times relevant hereto, the Defendants, and each of them, inspected the subject

12 AR-15 with flare launcher and knew or should have known that they were defective in design

13 and/or manufacture and failed to warn Plaintiff of the dangerous condition, to Plaintiff's detriment.

14 39.    As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured

15 in his health, strength and activity, sustained injury to his body and shock and injury to his person,

16 all of which have caused and will continue to cause Plaintiff pain and suffering.

17

18 40.    As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has

19 incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost

20 wages, medical expenses, future medical expenses, loss of comfort, society, companionship, and

21 consortium, all to Plaintiff's general damages in an amount in excess of ten thousand dollars

22 ($10,000.00).

23 41.    As a direct and proximate result of Defendants' aforesaid actions, it has been

24 necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and

25

26 Plaintiff is entitled to recover reasonable attorneys' fees and costs.

27 . . . .

28 . . . .

7

BENSON & BINGHAM
ATTORN AT LAW
TTAL ALLISTON PARK DRIVE, SUITE 100 · LAS VEGAS, NV 89135

## SIXTH CAUSE OF ACTION
### (Misrepresentation)

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 and incorporates the same herein by reference as though fully set forth herein verbatim.

43.     At all times relevant hereto, Defendants, and each of them, were engaged in the business of designing, testing, manufacturing, assembling, and/or utilizing the subject AR-15 with flare launcher.

44.     At all times relevant hereto, Defendants, and each of them, through advertising, labels and otherwise, made to the public certain misrepresentations of material facts concerning the character and quality of the subject AR-15 with flare launcher, that the product was entirely safe, proper and fit for its particular use, and for such purposes.

45.     At all times relevant hereto, Plaintiff justifiably relied on such misrepresentations when, in fact, the subject AR-15 with flare launcher were not safe, proper, nor fit for the use as was represented by Defendants.

46.     As direct and proximate result of Defendants' aforesaid actions, Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

47.     As a direct and proximate result of Defendants' aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, lost wages, medical expenses, future medical expenses, loss of comfort, society, companionship, and consortium, all to Plaintiff's general damages in an amount in excess of ten thousand dollars ($10,000.00).

48.     As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain the law firm of BENSON & BINGHAM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

8

WHEREFORE, Plaintiff, SCOTT L. WALKER, JR., prays for relief against the Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of ten thousand dollars ($10,000.00);

2. For special damages in an amount in excess of ten thousand dollars ($10,000.00);

3. For prejudgment interest according to law;

4. For attorney's fees and costs; and

5. For such other and further relief as the Court may deem just and proper.

DATED this _28_ day of August, 2013.

BENSON & BINGHAM

BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
Attorney for Plaintiff

# EXHIBIT B

## 2013 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L04000074779

Entity Name: SPIKE'S TACTICAL, LLC

**FILED**
**Feb 08, 2013**
**Secretary of State**

**Current Principal Place of Business:**

2036 APEX COURT
APOPKA, FL 32703

**Current Mailing Address:**

2036 APEX COURT
APOPKA, FL 32703 US

**FEI Number: 20-1761416**

Certificate of Status Desired: No

**Name and Address of Current Registered Agent:**

REGISTER, MICHAEL W
1201 PIEDMONT LAKES BLVD
APOPKA, FL 32703 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____

Electronic Signature of Registered Agent                                                      Date

**Manager/Member Detail Detail :**

| Title | MGRM | Title | MGR |
|---|---|---|---|
| Name | REGISTER, MICHAEL W | Name | REGISTER, ANGELA M. |
| Address | 1201 PIEDMONT LAKES BLVD | Address | 1201 PIEDMONT LAKES BLVD |
| City-State-Zip: | APOPKA FL 32703 | City-State-Zip: | APOPKA FL 32703 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 608, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: MICHAEL W REGISTER                     PRESIDENT                     02/08/2013

_____

Electronic Signature of Signing Manager/Member Detail                                         Date

# EXHIBIT C

## LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
www.lewisbrisbois.com

DARRELL D. DENNIS
DIRECT DIAL: 702.693.4368
DARRELL.DENNIS@LEWISBRISBOIS.COM

STEVEN ABBOTT
DIRECT DIAL: 702.693.4370 ·
STEVEN.ABBOTT@LEWISBRISBOIS.COM

October 8, 2013

File No.
33333.333

VIA FACSIMILE & US MAIL
(702) 382-9798
Attn.: Mr. Ben Bingham
Benson & Bingham
11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135

      Re:    Scott Walker v. Spike's Tactical, et al.
              Case No.: A-13-687700-C
              DOL: February 20, 2012
              Our Client: Defendant Spike's Tactical LLC

Dear Mr. Bingham:

Along with the firm of Pisciotti, Malsch & Buckley, P.C., we represent Defendant Spike's Tactical LLC in the referenced matter. Please be advised that we intend to file a Notice of Removal to remove this case from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada, Las Vegas Division.

We will agree to remain in state court, however, if you stipulate that Plaintiff will not seek damages in excess of $75,000 in any jurisdiction. Please confirm this agreement by signing at the bottom of this letter and returning it to our office via facsimile or electronic mail before 5:00 p.m. on October 14, 2013. If we do not receive a response from you by that date, we will assume that you do not consent to limiting damages in this regard, that you have a good faith belief the case has a value that exceeds the sum or value of $75,000, exclusive of interest and costs, and we will remove the case accordingly.

ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORT LAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY
NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON

4833-9106-7926.1

Ben Bingham
October 8, 2013
Page 2


Thank you for your attention to this matter.  Please do not hesitate to call if you have any questions.

Very truly yours,

Darrell D. Dennis of
Steven Abbott for
LEWIS BRISBOIS BISGAARD & SMITH, LLP


SO STIPULATED AND AGREED


_____
By:  Ben Bingham
Attorney for Plaintiff Scott Walker

cc: Jeffrey Malsch ( via email: jmalsch@pmblegalfirm.com)

```
                            *********************
                      ***    TX REPORT    ***
                            *********************


        TRANSMISSION OK

        TX/RX NO            1932
        RECIPIENT ADDRESS   3829798
        DESTINATION ID
        ST. TIME            10/08 13:46
        TIME USE            01'11
        PAGES SENT          2
        RESULT              OK
```

# LEWIS
## BRISBOIS
### BISGAARD
### & SMITH LLP
ATTORNEYS AT LAW

6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
www.lewisbrisbois.com

DARRELL D. DENNIS
DIRECT DIAL: 702.693.4368
DARRELL.DENNIS@LEWISBRISBOIS.COM

STEVEN ABBOTT
DIRECT DIAL: 702.693.4370
STEVEN.ABBOTT@LEWISBRISBOIS.COM

October 8, 2013

File No.
33333.333

VIA FACSIMILE & US MAIL
(702) 382-9798
Attn.: Mr. Ben Bingham
Benson & Bingham
11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135

Re:    Scott Walker v. Spike's Tactical, et al.
       Case No.: A-13-687700-C
       DOL: February 20, 2012
       Our Client: Defendant Spike's Tactical LLC

Dear Mr. Bingham:

Along with the firm of Pisciotti, Malsch & Buckley, P.C., we represent Defendant Spike's Tactical LLC in the referenced matter. Please be advised that we intend to file a Notice of Removal to remove this case from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada, Las Vegas Division.

We will agree to remain in state court, however, if you stipulate that

# EXHIBIT D



# BENSON BINGHAM
## ATTORNEYS AT LAW

JOSEPH L. BENSON II, ESQ.
BEN J. BINGHAM, ESQ.
RYAN C. MORTIER, ESQ.

PHONE: 702.382.9797
FACSIMILE: 702.382.9798

March 12, 2013

Pisciotti, Malsch, and Buckley, PC
30 Columbia Turnpike
Florham Park, NJ 07932

|  | | |
|---|---|---|
| **Re:** | **Our Client :** | **Scott Walker, Jr.** |
| | **Your Insured :** | **Spike's Tactical, LLC** |
| | **Date of Loss :** | **2/20/2012** |

Dear Mr. Pisciotti:

As you are aware, this office represents Mr. Scott Walker pertaining to injuries sustained during the use of a Spike's Tactical firearm. Submitted herewith for your review are pertinent medical records, medical billings, a statement of the facts and other documentation for your consideration. Upon completion of my client's medical treatment, we will provide all related documents in a formal demand package in an attempt to resolve this matter.

As a history, 30-year-old Scott Walker was enlisted in the U.S. Military from 2000 through 2006, where he was trained to use an M-16 rifle and M-203 grenade launcher. Mr. Walker also maintains a concealed weapons permit. On February 19, 2012, Mr. Walker purchased a brand new Spike's Tactical AR-15 firearm and flare launcher from Bad Ass Tactical. The purchase was made at the South Point Casino, Rocky Mountain Gun Show here in Las Vegas. Mr. Walker was accompanied by his wife and uncle, Tiffany Walker and Tony Talley. The firearm was sold to Mr. Walker as a brand new and fully assembled gun without any alterations. No testing of the firearm took place prior to the sale.

On or about February 20, 2012, Scott Walker was a guest at an outdoor shooting range located in Las Vegas, Nevada. Prior to his arrival at the shooting range the subject weapon had never been fired. Anthony Talley purchased flares intended to be fired from the subject rifle and accompanied Mr. Walker to the shooting range. Mr. Walker shot several flares, approximately five or six, and a couple hundred bullets, approximately six or seven magazines. However, upon firing the sixth or seventh flare from the weapon, an explosion occurred.

At said time and place Mr. Walker's Spike's Tactical AR-15 with flare launcher malfunctioned, rendering significant injuries to Mr. Walker's left hand. Immediately feeling pain in his left hand, Mr. Walker dropped the rifle. The subject firearm came equipped with a flip up sight that moved up and down. However, after Mr. Walker dropped the rifle, the scope broke off, possibly a result from falling or the actual force of the explosion itself.

moved up and down. However, after Mr. Walker dropped the rifle, the scope broke off, possibly a result from falling or the actual force of the explosion itself.

Immediately following the incident Tony Talley and Tiffany Walker, transported Mr. Walker to Mountain View Hospital where he underwent emergent surgery to save and repair his left hand.

Mr. Walker's left hand suffered a wound blast injury to the hypothenar region, an open fracture of the fifth metacarpal, and soft tissue loss and damage. He underwent a comprehensive physical examination and diagnostic evaluation of his left hand and was diagnosed with the following accident related injury:

      1.   Right fifth metacarpal fracture.

Dr. Arthur Taylor, M.D. was the surgeon who performed the irrigation and debridement to the left hand with neurectomy of the left fifth ulnar digital nerve, open reduction internal fixation of the left fifth metacarpal with intraoperative fluoroscopy and repair of 6 cm of traumatic would injury. Monitored anesthesia care was given. The procedures went well without any complication. After a period of observation in the recovery room, Mr. Walker was discharged in stable condition with orders to return in one week for re-evaluation purposes.

On February 24, 2012, Mr. Walker presented to Nevada Orthopedic & Spine Center under the care of Dr. Arthur Taylor, M.D. for the severe blast gunshot wound injury to his left hand. He had hypothenar region muscle loss, skin loss, and a 5th metacarpal segmental fracture. Dr. Taylor provided a physical examination of Mr. Walker's left hand. His wounds were well approximated. There was loss of tissue creating a cosmetic change, but overall, Dr. Taylor was hoping for a good recovery of motion and grip. There was some loss of sensation due to the blast injury. His pin sites were clean and no evidence of infection. Dr. Taylor cleaned and rewrapped Mr. Walker's left hand and instructed him to return to remove the sutures. The pins would stay for a minimum of four weeks. Dr. Taylor prescribed Mr. Walker Percocet and Lortab to relieve his severe pain.

On March 5, 2012, Mr. Walker returned to Nevada Orthopedic & Spine for re-evaluation purposes. Dr. Taylor recommended maintaining the pins and applied a short arm hand cast. Mr. Walker was instructed to return in two weeks for further evaluation to possibly remove the pins and start range of motion.

On March 19, 2012, Mr. Walker returned to Nevada Orthopedic & Spine for re-evaluation purposes. Mr. Walker was currently in a stage where his left hand was protected and had pin placement. Dr. Taylor removed the pins and recommended therapy for range of motion and grip.

On March 21, 2012, Mr. Walker presented to Matt Smith Physical Therapy to regain the use of his left hand. His pain was constant with throbbing and shooting pain with abnormal sensation, swelling, and paresthesia in the ring finger and small finger. Mr. Walker's symptoms were examined and evaluated. His left wrist range of motion was limited upon extension and flexion. His muscle testing with the five position grip revealed poor grip strength compared to his

unaffected hand. Mr. Walker was diagnosed with the following accident related injuries:

1.  Joint pain-left hand;
2.  Injury-shotgun.

Physical therapy consisted theraputty, flexibility, dynamic training for coordination and dexterity, manual interventions for range of motion, electrical stimulation, moist hot packs, ultrasound and sensory re-education. Mr. Walker tolerated the treatment and therapeutic activities with minimal complaints of pain and difficulty.

On April 23, 2012, Mr. Walker returned to Matt Smith Physical Therapy and Nevada Orthopedic & Spine for re-evaluation purpose. At this time, he was instructed to return to work full time with unrestricted duties.

On April 27, 2012, Mr. Walker returned to Matt Smith Physical Therapy for his final examination and evaluation for physical therapy. He was seen fourteen (14) times over the course of three months. Mr. Walker was pleased with his progress and he was discharged with instructions for home exercise.

On May 9, 2012, Mr. Walker returned to Nevada Orthopedic & Spine for his final examination and evaluation of his condition by Dr. Taylor. Mr. Walker presented with all wounds completely healed on the ulnar side of his hand, and then, secondly, the skeletal structures were stable and healing. The glide of flexor and extensor tendons had improved significantly. Dr. Taylor reported that Mr. Walker would have some permanent deficits of the hypothenar muscle that was lost, but overall, he was on a good road to recovery.

It has been ten months since his last visit with Dr. Taylor. Currently, Mr. Walker has constant aching pain with numbness from his small finger to his palm. Mr. Walker is currently treating with a hand specialist, Dr. Colby Young and psychologist, Dr. Louis Mortillaro, and intends to seek a consultation with a plastic surgeon for his gross deformity.

Following are medical expenses that have been incurred to date:

| | | |
|---|---|---|
| Mountain View Hospital | $ | 20,791.00 |
| Fremont Emergency Services | $ | 1,163.00 |
| Valley Anesthesiology Consultants | $ | 1,000.00 |
| Radiology Specialists | $ | 89.00 |
| Matt Smith Physical Therapy | $ | 3,540.00 |
| Nevada Orthopedic & Spine | $ | 4,845.00 |
| Westside Cardiology | $ | 40.00 |
| Walgreens Pharmacy | $ | 35.68 |
| Dr. Colby Young, M.D. | $ PENDING* | |
| Dr. Louis Mortillaro | $ PENDING* | |
| **TOTAL** | **$ 31,503.68** | **\* Not final** |

Mr. Walker is requiring future medical treatment for the injuries he sustained as a direct result of the subject incident. The trauma endured by Mr. Walker causes him constant pain in his left hand.

Mr. Walker is employed by Royal Refrigeration as a technician, earning $13.00 an hour. The nature of his injuries prevent him from performing his job related tasks and his lost wages are accumulating.

Upon your receipt of this correspondence, should you have any questions and/or concerns, please do not hesitate to contact me personally. In the interim, please provide written verification of coverage as to all types of coverage maintained, including but not limited to liability, excess, umbrella, medical payments, etc. Last, if your experts whom inspected the gun have produced a report, we would like a copy of the same. Thank you in advance for your attention to this matter. We look forward to working with you regarding this claim.

Very truly yours,
**BENSON & BINGHAM**

Ben Bingham, Esq.

Benson & Bingham/ck
Enclosures: as stated
cc: Scott Walker