UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SCOTT L. WALKER, JR., <br><br> Plaintiff, <br> v. <br> SPIKE'S TACTICAL, LLC, et. al., <br><br> Defendants. | Case No. 2:13-cv-01923-RFB-PAL <br><br> ORDER <br><br> (Mot for Ord – Dkt. #42) |

Before the court is the Defendants' Motion for Order Fixing Expert Witness Fee (Dkt. #42) which the court set for hearing on December 30, 2014. Ben Bingham appeared telephonically on behalf of the Plaintiff, and Adam Breeden appeared on behalf of the Defendants. The court has reviewed the Motion, Plaintiff's Opposition (Dkt. #44), Defendants' Reply (Dkt. #45), and has considered the arguments of counsel at the hearing.

This is a products liability action. Plaintiff claims that he was injured while using a flare launcher attached to an AR-15 manufactured by Defendant Spike's Tactical and sold to him by Defendant Badass Tactical. Plaintiff suffered a blast injury to his left hand, specifically a broken fifth metacarpal or "pinkie finger" which required an internal fixation, debridement and physical therapy. Plaintiff alleges the injury resulted in the loss of muscle tissue along the outer edge of Plaintiff's left palm.

**BACKGROUND**

Plaintiff retained Dr. Enrico Fazzini to perform a neurological exam and provide an expert report. Defendants wish to depose Dr. Fazzini; however, he has attached a fee schedule to his report that indicates he charges $1,500/hr. for telephonic depositions, and $2,500/hr. for an in-person deposition. By contrast, his fee schedule reflects he charged Plaintiff $600/hr. for records review and preparation of a report. Defendants argue that $2,500/hr. is unreasonable,

1

not reflective of the level of skill required for a deposition, nor typical for an expert deposition in this area.  Defendants request an order fixing the deposition fee at $600/hr. which is the amount that Dr. Fazzini has charged the Plaintiff for his services.  The motion cites one example of a spinal surgeon in Las Vegas who charges $1,500/hr. and argues that a spinal surgeon has more qualifications and expertise in a more complex medical field than Dr. Fazzini, who is a neurologist.

Plaintiff opposes the motion citing an unpublished Eastern District of Michigan case which stands for the proposition that "an expert's hourly rate for professional services is presumptively a reasonable hourly rate for depositions." *See Barrett v. Nextel Communications, Inc.,* 2006 WL 374757 (E.D. Mich. 2006).  In this case, Dr. Fazzini is a board-certified, fellowship-trained neurologist who practices and maintains offices in both New York and Las Vegas.  Defense counsel attaches the CV and fee schedule for Dr. Germin, a neurologist practicing in Las Vegas who charges $2,100/hr. for depositions.   Counsel for Plaintiff also states that Dr. Fazzini has acted in the capacity of a retained expert neurologist since 2008, and during that time, his fees have always been "accepted and deemed reasonable within the community."

Defendant's reply notes the lack of reported cases discussing reasonable fees for experts.  However, in September 1990, a state discovery commissioner in the Eighth Judicial District Court in the State of Nevada established a fee schedule for certain types of experts.  A copy of his opinion is attached as Exhibit "A" to the reply.  Defense counsel took the fees deemed reasonable by the discovery commissioner and adjusted them for inflation using the Department of Labor consumer price index inflation calculator.  The discovery commissioner determined that $400/hr. for a medical expert specialist and $450/hr. for a more specialized medical expert were reasonable fees in 1990.  Adjusted for inflation, those fees would be approximately $723/hr. for the specialist, and $813/hr. for a more specialized medical expert in 2014 dollars.

## **DISCUSSION**

Both sides cite Fed. R. Civ. P. 26(b)(4) to support their respective positions.  Both sides acknowledge that there are very few cases deciding the issue before the court.

Rule 26(a)(2)(B) requires a witness who is retained or specially employed to provide expert testimony to prepare a written report. In this case, it is undisputed that Dr. Fazzini was specially retained to provide expert testimony, and provided the expert report required by Rule 26(a)(2)(B). Counsel for Defendant acknowledged that Dr. Fazzini's report was fully compliant with the rule. Expert reports are required to eliminate unfair surprise to the opposing party, and to conserve resources. *Elgas v. Colorado Belle*, *Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998) (quoting *Reed v. Binder*, 165 F.R.D. 424, 429 (D. N.J. 1996).

Rule 26(b)(4)(E) governs payment for expert discovery. It requires that a party seeking expert discovery to pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D). Fed. R. Civ. P. 26(b)(4)(E)(i). Rule 26(b)(4)(A) allows a party to depose an opposing party's trial expert. Rule 26(b)(4)(D) applies to experts employed only for trial preparation and is not at issue in this motion.

Rule 26(b)(4) does not address the factors the court should consider in determining a reasonable expert fee. As the parties acknowledge, there are few published cases addressing the issue.

The federal courts that have addressed this issue generally apply seven factors in determining the reasonableness of an expert's fees. These include: (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparable respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Borel v. Chevron USA, Inc.,* 265 F.R.D. 275, 276 (E.D. La. 2010); *Fisher-Price, Inc. v. Safety 1st, Inc.,* 217 F.R.D. 329, 333 (D. Del. 2003); *Edin v. Paul Revere Life Insurance Co.,* 188 F.R.D. 543, 546 (D. Ariz. 1999); *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.,* 873 F.Supp.2d 939 (N.D. Ill. 2012); *Barnes v. District of Columbia,* 274 F.R.D. 314 (D. D.C. 2011).

The goal of Rule 26(b)(4) is to set expert fees "so that plaintiffs will not be unduly burdened in their efforts to hire quality experts, while defendants will not be hampered by

unreasonably high fees which prevent feasible discovery." *Fleming v. United States*, 205 F.R.D. 188 (W.D. Va. 2000). However, "[u]ltimately, it is the court's discretion to set an amount that it deems reasonable." *Id.*, citing *Hurst v. United States*, 123 F.R.D. 319, 321 (D. S.D. 1988).

In *Borel*, the court held that the proper hourly rate for deposition testimony was the amount the expert charged plaintiff's counsel. There, plaintiff retained an expert safety witness who testified for a living. Before the deposition, he stated he would not testify unless he received $1,500. His deposition lasted approximately three hours, so he received almost $500/hr., although he only charged Plaintiff's counsel $210/hr. The court granted the defense request to reduce the fee to $210/hr. for three hours of deposition time.

Here, Dr. Fazzini is a board-certified neurologist who saw the Plaintiff once, performed nerve conduction studies, performed a records review, and wrote a report and supplement. His report opines that the Plaintiff sustained an injury to his left hand causing permanent numbness and weakness in the hypothenar muscles and a fifth digit fracture with damage to the fifth ulnar digital nerve. Dr. Fazzini opines that the Plaintiff "remains permanently disabled from the use of his left hand." He also opines that the patient "seems to be totally disabled from being able to work as an air-condition installer because of the left-hand injury."

The parties have provided very little information to the court to enable it to determine the prevailing rates of other comparably respected available experts. Defendants state that a well-recognized spinal surgeon in Las Vegas charges $1,500/hr. and Defendants cite a single example of another Las Vegas neurologist who charges $2,100/hr. for deposition testimony. In the court's experience, there are a few cases which determine the reasonableness of an expert's fee because the cost of litigating the matter exceeds the difference between what the expert wants and the discovering party deems reasonable. What seems clear is that many, if not most, medical experts demand substantially higher fees for testifying than they do for seeing patients, providing independent medical examinations, performing records reviews, and preparing reports outlining their opinions. Although he charges considerably less for consults and records review and report preparation, Dr. Fazzini's fee schedule indicates that he will charge Plaintiff $17,500/day for trial testimony, and $10,000/half day plus travel expenses if he is required to travel from New York to

4

Las Vegas for trial, that is, if his trial testimony occurs when he is not otherwise in Las Vegas on a regularly scheduled trip. If he is in Las Vegas on a regularly scheduled trip, he will charge $15,000/day and $7,500/half day for testifying.

In this case, Dr. Fazzini's fee schedule indicates he charges $1,500 to perform an independent medical evaluation consultation, and charged Plaintiff $600/hr. with a $4,000 retainer to include six hours or record review, literature research and report generation fee. He charges $2,500/hr. for deposition testimony unless it is by telephone in which case he charges $1,500/hr. His fee schedule for an in-person deposition is more than four times what he charges the Plaintiff for a records review and report preparation. The report indicates that he reviewed photos and non-voluminous medical records for treatment and services provided to Plaintiff by other providers between February 20, 2012, and May 9, 2012. He conducted a single neurological examination of the Plaintiff on February 7, 2014, and conducted EMG/NCV testing of the patient's arms. Counsel for Plaintiff did not advise the court what Dr. Fazzini charged for his consult or testing.

No explanation was provided why Dr. Fazzini would charge $1,500/hr. for a telephone deposition, but $2,500/hr. for an in-person deposition at his own office.

Dr. Fazzini is a board-certified neurologist and a fellow of the American College of Neuropsychiatrists. He is a Clinical Associate Professor of Neurology at New York University/Langon Medical Center, an Adjunct Associate Professor of Neurology at Touro University of Osteopathic Medicine in Mare Island, California, Clinical Associate Professor of Medicine/Neurology at NYIT College of Osteopathic Medicine in Old Westbury, New York, and a director of the American Parkinson's Disease Center. He has impressive credentials and the education and training required to provide expert opinions in this case.

Neither party has provided the court with evidence of the prevailing rates of other comparable, respected, available experts in this area. Dr. Fazzini charged the Plaintiff $600/hr. for his expert services, but will charge substantially more for testifying. Plaintiff's counsel represents that Dr. Fazzini has been traditionally chargeing the fees reflected on his fee schedule since 2008.

Balancing the competing interests, the court fixes Dr. Fazzini's fee for testifying at deposition at $1,500/hr. Dr. Fazzini is willing to testify for $1,500/hr. if the deposition occurs telephonically. The deposition will be taken in his office on a date and time convenient to him while he is in Las Vegas. Counsel for Defendants has agreed the deposition will not take any longer than an hour, and the court will hold defense counsel to his word. Plaintiff's counsel conceded that the medical records Dr. Fazzini will be required to review to prepare are not voluminous, and his own services in this case consist of a single consult and nerve conduction studies on Plaintiff's arms. His opinions are straightforward and non-complex.

For the reasons stated,

**IT IS ORDERED** that Defendants' Motion for Order Fixing Expert Witness Fee (Dkt. #42) is **GRANTED in part** and **DENIED in part**. Defendants' request to fix an expert fee at $600/hr. is denied. The court fixes the fee for Dr. Fazzini's deposition at $1,500/hr. and will limit the deposition to one hour in duration exclusive of breaks, arguments and colloquy among counsel and the witness.

DATED this 2nd day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE